Filed 8/28/14  P. v. Bell CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | C075282 |
| Plaintiff and Respondent, | (Super. Ct. No. CRF132496) |
| v. | |
| RONALD HARRISON BELL, | |
| Defendant and Appellant. | |

Defendant Ronald Harrison Bell appeals the trial court's postjudgment order directing him to pay victim restitution.  He contends the trial court lacked statutory authority to impose the restitution order because it seeks to recompense losses incurred during a crime for which defendant was neither charged nor convicted.  The People agree, and we agree with the parties.  Accordingly, we strike the restitution order.

## BACKGROUND

Defendant was charged with knowing receipt of stolen property (Pen. Code, § 496, subd. (a); count one)[1] and making burglary tools (§ 466; count two).  He pleaded no contest to count one with the understanding that count two would be dismissed and he would not be sentenced to state prison at the outset.  Thereafter, upon discovery of another pending criminal matter, alleging commercial burglary, and prior to sentencing, defendant reaffirmed his no contest plea in exchange for a dismissal of count two and a stipulated sentence of 16 months in county prison, to run concurrently with the sentence to be imposed in the unrelated commercial burglary case.

The stipulated factual basis for defendant's plea in this case was that on June 20, 2013, an officer responded to a reported residential burglary in which bicycles were stolen; later that day, an officer found defendant in possession of one of the stolen bicycles and some other items taken in the burglary.  The trial court imposed the agreed upon sentence, and ordered defendant to pay the customary fines and fees.  The record shows no imposition or reservation of restitution at the time of sentencing.

Subsequently, the People requested an order that defendant pay restitution to the victim to replace the victim's fence that had been damaged during the residential burglary and for other property stolen during that burglary.  Defendant objected to the restitution request because he was not charged with and did not plead to that burglary.  Nonetheless, the court ordered defendant to pay $675 in direct victim restitution based on its finding that stolen items were found in defendant's possession shortly after the commission of the burglary in which the losses were incurred.

_____

[1]  Further undesignated statutory references are to the Penal Code.

## DISCUSSION

We review the trial court's restitution order for abuse of discretion, and note that "a restitution order 'resting upon a " 'demonstrable error of law' " constitutes an abuse of the court's discretion.' " (*People v. Millard* (2009) 175 Cal.App.4th 7, 26; see *In re K.F.* (2009) 173 Cal.App.4th 655, 661.)

The California Constitution provides that all persons who suffer losses as a result of criminal activity shall have the right to seek and secure restitution from the persons convicted of the crimes causing the losses they suffer. (Cal. Const., art. I, § 28, subd. (b)(13).) Section 1202.4 implements the constitutional provision, providing in relevant part: "[I]n every case in which a victim has suffered economic loss as a result of the defendant's conduct, the court shall require that the defendant make restitution to the victim or victims in an amount established by court order, based on the amount of loss claimed by the victim or victims . . . ." (§ 1202.4, subd. (f).) Case law has clarified that for defendants who *do not receive probation*, direct victim restitution may be ordered only to the extent that the victim's loss was incurred as a result of criminal activity for which defendant has been *convicted*. (See *People v. Lai* (2006) 138 Cal.App.4th 1227, 1247-1249; *People v. Percelle* (2005) 126 Cal.App.4th 164, 179-181.)

Here, defendant was sentenced to prison. The restitution amount covered losses incurred in the commission of the burglary of the victim's home. However, defendant was not charged with or convicted of the burglary of the victim's home; rather, he was convicted of knowingly receiving stolen property. Nothing in the record indicates that defendant's receipt of stolen property caused any economic loss to the victim. Therefore, the court's restitution order was not statutorily authorized and constitutes an abuse of discretion.

## DISPOSITION

The postjudgment restitution order is stricken.  The trial court is directed to notify the Yolo County Sheriff that no restitution is owed by defendant in this case.


                                         DUARTE         , J.


We concur:


     RAYE          , P. J.


     BUTZ          , J.

4